IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNEDY M. RUSSELL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-CV-084-WDS |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are the following: defendants St. Clair County and St. Clair County Recorder's joint motion to dismiss or for a more definite statement (Doc. 5); defendants the State of Illinois and State of Illinois Department of Revenue's motion to dismiss (Doc. 9), to which plaintiff has filed a response (Doc. 12); and plaintiff's motion for default judgment as to St. Clair County, Illinois (Doc. 11), to which the St. Clair County defendants have filed a response (Doc. 13).

## BACKGROUND

Plaintiff filed his 31 page *pro se* complaint on January 31, 2007. (Doc. 1). Plaintiff's complaint is replete with inapposite Latin phrases and legal maxims. Though at times difficult to follow, the Court has given plaintiff every benefit of construction when interpreting his allegations. Plaintiff claims that on December 15, 1995, by completing and mailing a "Public Record Notice" to various governmental agencies, he terminated his United States taxpayer status. In 1999, plaintiff filed an "Addendum to Public Record Notice," (PRN) in which he claims to have reserved his rights under 42 U.S.C. § 1983, "Civil Action for Deprivation of

Rights." Plaintiff asserts that these notices establish that he is a "Nontaxpayer," and is therefore not legally required to pay a tax. Plaintiff states that he has "always remained in a state of wonder and guess as to what Lawful Authority IRS officials have."

Plaintiff further claims that defendants violated his constitutional rights. Specifically, in Count I, plaintiff alleges that from April 19, 2002, until February 11, 2003, the Internal Revenue Service ("IRS") unlawfully took plaintiff's Social Security Disability Benefits.[1] Also in Count I, plaintiff alleges that the IRS continues to prosecute a tax lien against plaintiff in violation of (1) his constitutional right to due process; (2) the Uniform Federal Lien Registration Act ("UFLRA"), 770 ILCS 110/3; (3) his previously filed PRNs; (4) the Uniform Commercial Code; (5) Title 18 U.S.C. § 1001, filing false and fraudulent documents; and (6) the Federal Tax Lien Act of 1966, Public Law 89-719, 80 Stat. 1125, Senate Report No. 1708. Also in Count I, plaintiff lists his definition of "conspiracy" and makes veiled references to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, without making specific racketeering or conspiracy claims against defendants. In his prayer for damages, plaintiff alleges defendants are guilty of slander.

Despite plaintiff's referral to numerous statutes, codes and regulations, the gist of his complaint seems to be summarized by his statement on page 10 of the complaint that he "asserts and avers here that the IRS is a Foreign Corporation that is not authorized to do business of any sort in the state of Illinois because IRS is not registered with the [Illinois] Secretary of State."

At the end of Count I, plaintiff lists various types of damages he claims to have suffered as a result of defendants' actions, including but not limited to: a damaged credit rating; a

---

[1] Later in his Complaint, plaintiff alleges that the IRS continues to deduct monies from his monthly Social Security Disability Benefits.

damaged personal reputation; difficulties refinancing his home; "mental anguish known sufficient to have caused suicide by some people," and deduction of fifteen percent of his monthly Social Security Disability Benefits by the IRS.

It appears that Count I is directed at the federal defendants, while Count II makes many of same claims against the state defendants. Namely, in Count II plaintiff claims that the State of Illinois Department of Revenue illegally filed a Notice of Tax Lien, which in plaintiff's opinion, is violative of his constitutional rights. It is difficult for the Court to decipher much of Count II, which includes references to information that plaintiff allegedly "read somewhere," and a lengthy description of plaintiff's attempts to analyze tax codes. As in Count I, plaintiff again refers to numerous court cases from jurisdictions across the United States, and numerous statutes, codes and regulations. Once again, plaintiff's arguments appear to come down to the fact that he believes that he is not legally required to pay taxes, and that he made such status known through filing another Public Record Notice, this time entitled "Nonexistent Piggybacked System." Again in Count II, plaintiff makes veiled references to RICO and slander.

Count III is against defendants St. Clair County and St. Clair County Recorder, and alleges the St. Clair County Recorder violated plaintiff's constitutional rights by filing unlawful notices of tax liens.

Defendants St. Clair County and St. Clair County Recorder now move the Court to dismiss Count III of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (Doc. 5). Defendants State of Illinois and Illinois Department of Revenue—which are one entity for legal purposes—ask the Court to dismiss Count II of the complaint pursuant to either Fed. R.

Civ. P. 12(b)(1) for lack of jurisdiction, or Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 9), to which plaintiff has responded.

Plaintiff also moves for default judgment as to defendants St. Clair County and St. Clair County Recorder. (Doc. 9). However, these defendants filed their motion to dismiss six days after receiving service of the summons and complaint, and are therefore in compliance with the Federal Rules. Accordingly, plaintiff's motion for default judgment (Doc. 11) is **DENIED**.

## ANALYSIS

**1.      Defendants St. Clair County and St. Clair County Recorder's Joint Motion.**

Defendants St. Clair County and St. Clair County Recorder seek to have plaintiff's complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. In the alternative, they claim plaintiff's complaint violates Fed. R. Civ. P. 8(a) in that it fails to include a short and plain statement of the claim showing that plaintiff is entitled to relief, and therefore they move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

To sustain a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations as true and construe the complaint in the light most favorable to the plaintiff. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Conley*, 355 U.S. at 45-46; *Veazey v. Comm'ns & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

Count III claims that the St. Clair County Recorder's Office violated plaintiff's constitutional rights by filing unlawful notices of tax liens. Plaintiff makes reference to RICO

4

violations and slander against the Recorder as well, and further claims that the Recorder violated Article 9 of the Uniform Commercial Code by filing said notices without plaintiff's signature. Plaintiff makes no independent allegations against St. Clair County.

Initially, the Court **FINDS** that Article 9 of the UCC, which applies to secured transactions, is inapplicable to the facts detailed in plaintiff's complaint. The Court **FURTHER FINDS** that plaintiff has failed to set forth sufficient facts to sustain claims of slander or RICO violations against St. Clair County or the St. Clair County Recorder. Indeed, it appears these terms may have been thrown in as an afterthought, amongst the numerous other legal citations and maxims.

Plaintiff's main contention against the Recorder's Office appears to be that he requested copies of any and all liens filed against him, but the Recorder, Michael T. Costello, only sent plaintiff copies of documents entitled "Notice" of Federal Tax Lien. Plaintiff further claims that the Recorder violated his rights in reporting tax liens filed against plaintiff to national credit reporting agencies, when the Recorder should have only been aware of *notices* of tax liens. Apparently, plaintiff believes he received the wrong documents and is confused by a skewed perception of what lien documentation should look like. He mistakenly believes there exist two separate legal actions—that a lien is legally different from a notice of lien. For instance, plaintiff states on page 21 of his complaint that "THE RECORDER SHOULD BE ABLE TO TELL THE DIFFERENCE BETWEEN A 'NOTICE' AND A 'LIEN.' It takes an act of God, not a recorder's office to change these 'Notices' into 'Liens.'" (emphasis in original). Simply put, a notice of a tax lien is simply a notice to the recipient that a tax lien has been filed.

In viewing Count III in its entirety, and in relation to the other allegations contained in

plaintiff's complaint, having taken all well-pleaded allegations as true and having construed the complaint in the light most favorable to the plaintiff, the Court is unable to piece together any viable legal claims against defendants St. Clair County or the St. Clair County Recorder. To the extent that plaintiff is alleging that the County participated in an illegal state income tax scheme, the Tax Injunction Act, discussed in detail below, bars this Court from hearing such claims. Accordingly, defendants' motion to dismiss Count 3 (Doc. 5) is **GRANTED**.

**2.      State of Illinois, Department of Revenue's Motion to Dismiss.**

Count II of plaintiff's complaint, read in the light most favorable to him, alleges that he is not liable for state income tax and that the tax lien filed against him by the State of Illinois is unlawful. All of the allegations contained in Count II stem from plaintiff's belief that the State of Illinois may not subject him to income tax payments. The State of Illinois asks the Court to dismiss this Count pursuant to Fed. R. Civ. P. 12(b)(1), for want of jurisdiction, or pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Rule 12(b)(1) allows for dismissal of an action for lack of subject matter jurisdiction. The Court agrees that it is without jurisdiction to rule on the allegations contained in Count II. The Tax Injunction Act of 1937 ("TIA"), 28 U.S.C.A. § 1341, provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The TIA also prohibits district courts from entering declaratory judgments relating to validity of state taxation and associated liens. *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 453 (7th Cir. 1999); *S1 IL304 LLC v. ANB Cust. for LG*, 971 F. Supp. 353, 354 (N.D. Ill. 1997). Further, the fact that plaintiff has alleged constitutional violations does not

render the TIA inapplicable. *Schneider Transport, Inc. v. Cattanach*, 657 F.2d 128, 131 (1981); *Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 819-20 (7th Cir. 1978). .

Accordingly, the State of Illinois' motion to dismiss Count II of plaintiff's complaint (Doc. 9) is **GRANTED** and Count II is hereby dismissed in its entirety for lack of subject matter jurisdiction. It is not necessary for the Court to discuss Illinois' arguments relating to Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for default judgment as to St. Clair County and St. Clair County Recorder (Doc. 11) is **DENIED**. Defendant St. Clair County and St. Clair County Recorder's motion to dismiss (Doc. 5) is **GRANTED**. Defendant Illinois' motion to dismiss (Doc. 9) is **GRANTED**. Counts II and III of plaintiff's complaint are **DISMISSED** without prejudice, each party to bear its own costs. Count I remains pending; however, it appears plaintiff has not effected service upon the Internal Revenue Service, Revenue Agent Gloria Hayes or Revenue Agent Annette M. Jones. Plaintiff has 20 days to **SHOW CAUSE** as to why these named defendants should not be dismissed.

**IT IS SO ORDERED.**

**DATED:   June 20, 2007.**

                                  **s/  WILLIAM D.  STIEHL**
                                       **DISTRICT JUDGE**