IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNEDY M. RUSSELL, SR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-CV-084-WDS |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff's pro se motion for reconsideration (Doc. 16), asking the Court to reconsider its June 20, 2007, Order (Doc. 15), to which defendants St. Clair County and St. Clair County Recorder have filed a response (Doc. 18). The Court's June 20, 2007 Order dismissed plaintiff's claims against these defendants for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and against defendant Illinois Department of Revenue for want of jurisdiction under Fed. R. Civ. P. 12(b)(1).

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. See, *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see, also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D. Ill. June 5, 1996).

The Federal Rules of Civil Procedure provide two ways in which a party may seek

reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); Fed. R. Civ. P. 59(e). Rule 59(e) must be invoked within ten days of the entry of the judgment, which the plaintiff has done here. *Id.* The Court construes plaintiff's motion to assert that the Court erred in assuming that (1) plaintiff is a "taxpayer" and (2) that defendants had actual tax liens on file against plaintiff.

First, the Internal Revenue Code (IRC) imposes a tax on all income. 26 U.S.C. § 61; *Elek v. Comm'r of Internal Revenue*, 149 Fed. Appx. 525, 526-27 (7th Cir. 2005). The IRC applies to all "persons," meaning any individual. *United States v. Studley*, 783 F.2d 934, 937 (7th Cir. 1986); *United States v. Sloan*, 939 F.2d 499, 500-501 (7th Cir. 1991) ("All individuals, natural or unnatural, must pay federal income tax on their wages.")(internal quotation marks and citations omitted). Plaintiff's attempt to disavow, disclaim, or dishonor his status as a taxpayer is unavailing. *McLaughlin v. Commissioner of Internal Revenue Service*, 832 F.2d 986, 987 (7th Cir. 1987) ("The notion that the federal income tax is contractual or otherwise consensual . . . has been repeatedly rejected by the courts. . . case law in this circuit is well-settled that individuals must pay federal income tax on their wages regardless of whether they avail themselves of governmental benefits or privileges.") (citations omitted). Accordingly, the Court **FINDS** that plaintiff is a "taxpayer."

Because plaintiff is a "taxpayer," the Tax Injunction Act of 1937 (TIA), 28 U.S.C. § 1341, applies and prohibits this Court from entering declaratory judgments relating to validity

of state taxation and associated liens. *RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 453 (7th Cir. 1999). Therefore, the Court **FINDS** that plaintiff has not alleged any basis for the Court to reconsider its Order dismissing plaintiff's claims against state defendants.

Second, the Court notes that plaintiff seeks to have the Court "reconsider" his claim that the Internal Revenue Service has not properly filed tax liens. The Court simply has not, at this juncture of the proceedings, made any determination as to whether the Internal Revenue Service filed actual tax liens, as opposed to simply notices of such liens, against plaintiff's property. Therefore, his motion to reconsider on this point is premature, and it is **DENIED.**

Accordingly, the Court **DENIES** plaintiff's motion for reconsideration on all grounds raised.

**IT IS SO ORDERED.**

**DATED:   January 14, 2008.**

                                        **s/  WILLIAM D.  STIEHL**
                                        **DISTRICT JUDGE**