IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNEDY M. RUSSELL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 07-CV-084-WDS |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant United States of America's motion to dismiss (Doc. 90), to which plaintiff has filed a response (Doc. 91).

## BACKGROUND

Plaintiff's third amended complaint,[1] (Doc. 82) while often difficult to decipher, has been given every benefit of liberal construction and interpretation by the Court. Plaintiff claims that he is a "natural born [c]itizen of the [U]nited States of America, a [s]tate [c]itizen, not a federal citizen." (Doc. 82). He claims that the Internal Revenue Service ("IRS") is not a governmental entity or agency and has never been created by public law. Plaintiff attempts to categorize his claims as wholly unrelated to taxes, he alleges:

---

[1] Plaintiff filed his third amended complaint before the date that defendants were required to show cause why default should not be entered against them for failure to file a responsive pleading to the Second Amended Complaint. Defendants were directed to show cause within thirty (30) days of July 29, 2009. The third amended complaint was filed August 11, 2009, before the show cause order deadline. Therefore, no further showing regarding the second amended complaint is required.

> THIS ENTIRE SUIT IS FILED SEEKING DAMAGES FOR <u>ONE (1)</u> THING <u>ONLY:</u> VIOLATION OF ORIGINAL, ORGANIC, CONSTITUTIONAL RIGHTS.
> THIS SUIT HAS <u>NOTHING</u> TO DO WITH : COLLECTION, PAYMENT OR NONPAYMENT OF TAXES; <u>NOTHING</u> TO DO WITH AN ASSERTION OF A CLAIM UNDER TITLE 26; IT HAS <u>NOTHING</u> TO DO WITH TAXES, ONLY FUNDAMENTAL RIGHTS VIOLATIONS WITHOUT DUE PROCESS OF LAW.

(Doc. 82). Although he makes this assertion and makes another similarly emphasized statement in his complaint, he proceeds to describe his rights violations as wholly based upon the processes and procedures used by the IRS and its agents in collecting taxes from him. The complaint consists of 3 counts.

In Count 1, plaintiff alleges that the proper procedure for filing a Notice of Federal Tax Lien ("NFTL") was not followed; namely, because he is not a taxpayer, not liable for taxes, and the assessment officers who signed the lien were not authorized to do so.

In Count 1.2, plaintiff alleges that no lawful assessment occurred for 1995 or 1996 (the years for which the NFTL was created). In Count 1.3 he alleges that no lawful assessment was made for the NFTL and that the NFTL prosecution was carried out by "[c]ollusion or [c]onspiracy" by defendants Jones and Hayes, in violation of plaintiff's fundamental rights. In Count 1.4 plaintiff claims that Jones and Hayes are "nonenforcement Revenue Officers," not authorized to sign notices, liens, or levies, and only the Bureau of Alcohol, Tobacco, and Firearms ("BATF") is authorized to do so. In Count 1.5, plaintiff claims that the IRS has not complied with the law since it has not filed an action to enforce the lien, even though a monthly exaction against his Social Security Disability Benefits is ongoing.

In Count 1.6 plaintiff alleges that defendants Hayes and Jones overstepped their lawful authority, "under [c]olor of [l]aw and [c]olor of [o]ffice," causing plaintiff irreparable harm.

Plaintiff lists a number of forms of harm suffered, including:

> Pain, suffering, emotional distress, anxiety, encumbrance of property, public humiliation, public defamation of character, violation of privacy rights, damage to credit rating, deterioration and almost total destruction of Plaintiff's business.

In Count 1.7 plaintiff alleges that the IRS took action that is under the exclusive jurisdiction of the BATF.  In Count 1.8 plaintiff claims he is not a taxpayer.  In Count 1.9, plaintiff claims that beginning in 1995, he has sent 14 public record documents to the St. Clair County Recorder's Office and 23 documents to "upper echelon IRS officials."  Plaintiff claims that since the IRS did not dispute the contents of these documents, consent was implied.  He asserts that the conclusive presumption that he is a taxpayer violates due process.

In Count 1.10, plaintiff alleges that he was injured by the United States through the acts of the other defendants in violation of his fundamental rights.  In Count 1.11, plaintiff asserts that his damages include the following: damage to personal credit rating, damage to image, inability to refinance his property at a lower interest rate, damage to reputation and image, defamation of character, receipt of threatening letters, denial of reversible home loan, 15% of his Social Security Disability Benefits exacted by the IRS, violation of privacy, and harm to his business (sale value lowered).  Plaintiff asserts damages in the amount of $800,000 (not including the reduced value of his business).

In Count 2, plaintiff asserts that the IRS is not a lawful agency.  In Count 3 plaintiff essentially restates that defendants Hayes and Jones' acts caused harm to plaintiff by violating

his constitutional due process rights.[2]

Defendant seeks to have defendants Hayes and Jones replaced as defendants in this action by the United States as a matter of law. Further, defendants argue that the IRS is not a suable entity, leaving the United States as the only remaining defendant. Additionally, defendant seeks to have plaintiff's complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction to hear plaintiff's claims regarding the propriety of IRS actions; pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim; and pursuant to the doctrine of collateral estoppel.

## ANALYSIS

**I.    Collateral Estoppel**

Defendant raised the issue of collateral estoppel, identifying the previous decisions of both the Southern District of Illinois, *Russell v. United States, et.al*, No. 08-cv-0247-MJR, 2009 WL 236719, (S.D. Ill. Jan. 30, 2009), and the Seventh Circuit Court of Appeals, *Russell v. United States et.al*, 339 Fed.Appx. 637, 2009 WL 2251395, (7th Cir. July 29, 2009) (not selected for publication in the Federal Reporter). Since these claims are so closely related, discussion regarding the application of collateral estoppel is necessary.

The doctrine of claim preclusion (collateral estoppel) provides that a prior determination

---

[2] In a conclusory manner plaintiff lists the violations allegedly committed by Hayes and Jones, including: Violation of the Uniform Federal Lien Registration Act ; (without "Certification") ; 28 U.S.C. , Section 3201 (filing "uttered" instrument); Violation of the State of Illinois Original, Organic Constitution, Section 8, Article 1; Violation of 42 U.S.C. , Section 407(a); Violation of Section 452(b) of the Social Security Act by not providing prerequisite "Certification"; Violation of 735 ILCS 5/12-1001, Part 10. "Exemption of Personal Property"; Violation of United States v. Powell, 379 U.S. 48, not providing "Verification" from IRS Collections.

involving the same parties and same issues bars a later action. *Cole v. Board of Trustees,* 497 F.3d 770, 773 (7th Cir.2007).  Collateral estoppel, also known as "issue preclusion," bars a party from relitigating the same issue that was necessary to the findings in a prior final judgment. *Wash. Group Int'l., Inc. v. Bell, Boyd & Lloyd LLC,* 383 F.3d 633, 636 (7th Cir.2004).  Under federal common law of issue preclusion:

> a party seeking to invoke preclusion must show four things: 1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been essential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Id.* citing *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 178 (7th Cir.1995); *La Preferida, Inc.*, *v. Cerveceria Modelo, S.A.*, 914 F.2d 900, 905-06 (7th Cir.1990).  Issue preclusion applies "even if the issue recurs in the context of a different claim." *King v. Burlington Northern & Santa Fe Ry. Co.* 538 F.3d 814, 818 (7th Cir. 2008) citing *Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008).

    While this claim was filed first ("*Russell I*"), the subsequently filed claim in the Southern District of Illinois ("*Russell II*") was decided first and has been affirmed by the Court of Appeals.  In *Russell II*, plaintiff claimed he was targeted for harassment in retaliation for the filing of *Russell I*, and named Gloria Thomas (an IRS revenue officer), the IRS, and the United States as defendants.  2009 WL 2251395.

    Specifically, Russell claimed that "Thomas contacted him in violation of 'Lawful protocol' by failing to provide him with specific information that he requested."  2009 WL 236719 at *1.  He claimed that " he informed Thomas that because of his status as 'nontaxpayer,' he was not subject to the tax code. . . . Thomas harassed him and violated his due process rights

by telephoning him, appearing at his home, requesting information from his customers and issuing a summons to his bank." *Id*.

The district court held: the IRS is not "suable," and the United States is substituted for the IRS; as to any claims founded in common law tort or state law, the United States is substituted for Thomas;[3] under the Federal Tort Claims Act ("FTCA"):

> sovereign immunity bars Russell's FTCA claim because he has not made an administrative claim[4], as required by 28 U.S.C. § 2675. Furthermore, his FTCA claim falls within the statutory exemption to the FTCA under which the government is immune from liability for "[a]ny claim arising in respect of the assessment or collection of any tax." Accordingly, Russell's claims of improper actions to collect his unpaid taxes may proceed only against the United States and only pursuant to the limited waiver of immunity found in 26 U.S.C. § 7433.

*Id*. at *2-3 (internal citations omitted).

Notwithstanding the limited waiver, the district court held that it did not have jurisdiction to grant the relief sought by Russell under 26 U.S.C. § 7433(a)[5] due to Russell's failure to meet

---

[3]The United States Attorney certified that "Thomas was acting within the scope of her employment and office as an employee of the United States at the time that the incidents out of which plaintiff's claims arose occurred." 2009 WL 236719 at *3.

[4]The administrative exhaustion requirement under the FTCA provides:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

2009 WL 236719 at *3, n.1, citing 28 U.S.C. § 2675(a).

[5]Under 26 U.S.C. § 7433(a):
If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as

the "jurisdictional requirement that the taxpayer bringing suit under this provision must first have exhausted his administrative remedies." *Id*. (citing *Bolden v. Commissioner of the Internal Revenue*, 2008 WL 4613899, 1 (N.D.Ill.2008)).

Additionally, the district court considered the possibility of a *Bivens*[6] action, based on Russell's claims of harassment and intimidation in violation of his due process rights. *Id*. Even assuming that a constitutional violation was properly pled, the court denied relief under *Bivens* "because Congress has provided an adequate remedial mechanism for redressing the conduct of overzealous IRS agents." *Id*.

The Seventh Circuit Court of Appeals fully supported the District Court's decision, finding, *inter alia*:

---

provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

2009 WL 236719 at *3.

Furthermore, 26 U.S.C. § 7433(d)(1) provides, "A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 2009 WL 236719 at *4.

[6]This Court need not re-invent the wheel in describing the applicable law. In *Russell II*, the Court explained, "Bivens' purpose is to deter individual federal officers ... from committing constitutional violations. However, federal courts will provide a remedy under Bivens only where Congress has not provided an adequate remedial mechanism for a constitutional violation, and the omission of that particular remedy was inadvertent." 2009 WL 236719 at *4. (internal quotation marks and citations omitted). The Court noted the Seventh Circuit's limitation on *Bivens'* actions with respect to federal taxes. *Id*. In essence, Congress has already:
> [G]iven taxpayers all sorts or rights against overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees.

*Id*. citing *Cameron v. Internal Revenue Serv.*, 773 F.2d 126, 129 (7th Cir. 1985).

7

> [A] civil action against the United States under 26 U.S.C. § 7433 is the sole remedy for a taxpayer aggrieved by the actions of an IRS employee in connection with the collection of taxes. That remedy is available only after the taxpayer exhausts his administrative remedies within the IRS. 26 U.S.C. § 7433(d)(1). The district court dismissed Russell's claim for lack of subject matter jurisdiction because he had not alleged that he exhausted his administrative remedies. On appeal Russell does not contest the district court's exhaustion analysis but argues instead that the exhaustion requirement is irrelevant because he intends to pursue a claim that Agent Thomas's actions violated his constitutional right to due process. But federal courts are not authorized to award damages based on allegations that internal revenue agents "badgered or harassed" a person in trying to collect taxes.

2009 WL 2251395, at *1 (internal citations omitted). Furthermore, the court fully rejected Russell's nontaxpayer and constitutional rights violations claims, stating:

> Instead of addressing the relevant jurisdictional issue, Russell devotes his brief to rehashing the same tired arguments permeating his complaint: that he is not a taxpayer and that the IRS is an extra-legal entity that violated his "original organic constitutional rights" by contacting him about his 2004 tax return. Variants of these arguments have been roundly rejected by the Supreme Court, this court, and every other court of appeals.

*Id*. (The Court of Appeals cited and parenthetically summarized 12 opinions, including Supreme Court and various circuit opinions, noting the frivolousness and lack of merit of similar tax protester claims.) *Id*. Not only did the Court of Appeals affirm the district court's judgment, it directed Russell "to show cause . . . why he should not be sanctioned for filing this frivolous appeal." *Id*.

In his third amended complaint (filed less than 2 weeks after the Court of Appeals decided *Russell II*), the plaintiff, by insisting that this case is not about taxes, vainly attempts to convince the Court that it does not have the exact same case before it. However, the Court cannot go any further than the previous decisions in light of the fact that the plaintiff still alleges rights violations based on tax collection and still fails to plead or demonstrate exhaustion of

8

administrative remedies.

The Court **FINDS** that the same core facts are involved, and the issues before the Court are the same.  Although the plaintiff names different individuals as defendants and alleges different conduct, these distinctions are irrelevant under the applicable law.  In both *Russell I* and *Russell II*, plaintiff names the IRS and the United States as defendants.  And, although the individuals named in *Russell I* and *Russell II* are different, they are clearly all IRS officers certified as acting within the scopes of their employments during the relevant time periods, and therefore not subject to suit under the circumstances pleaded here.

Additionally, in his present complaint, plaintiff contends that the actions taken by IRS officers in filing a NFTL were unlawful, violating his due process rights.  In *Russell II*, plaintiff complained of unlawful conduct by IRS employees that ensued after commencement of the present suit.  The key is that in both cases the relevant conduct was undertaken by officers acting within the scopes of their employment in the process of collecting taxes.  The details of the conduct are not relevant under the applicable law.  Plaintiff fails to distinguish the issues in *Russell I* from *Russell II*, and, he still has not alleged that he has exhausted his administrative remedies with the IRS.  Based on the facts alleged by plaintiff, the issues in this case are exactly those already litigated.  The Court can not, interpreting the pleading liberally, find any attempt by plaintiff to show that he in fact exhausted his administrative remedies.

Without exhausting his administrative remedies, there are no issues that were not essential to the final judgments of the prior actions.  The issue of whether plaintiff can sue the IRS has already been decided: he can not.  The issue of whether plaintiff can bring common law tort or state law claims against IRS employees acting within the scopes of their employment has

already been decided: he can not.  The issue of whether plaintiff can bring constitutional due process claims against IRS employees where Congress has provided other remedies has already been decided: he can not.  The issue of whether plaintiff can bring tax-collection-related tort claims against the United States without exhausting his administrative remedies has already been decided: he can not.  Finally, the issue of whether plaintiff can bring constitutional due process violation claims against the United States based upon his allegations that he is not a taxpayer and that the IRS violated his constitutional rights has already been decided: he can not.

III.     **Conclusions**

For the foregoing reasons, the Court **SUBSTITUTES** the United States of America for Defendant Internal Revenue Service; the Court also **SUBSTITUTES** the United States of America for defendants Hayes and Jones as to claims founded in common law tort or State law.[7]  The Court **FINDS** that all of plaintiff's claims are barred by the doctrine of collateral estoppel.  The Court **GRANTS** defendants' motion to dismiss (Doc. 90) and **DISMISSES** this action as to all defendants.  All other pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED**

**DATE: March 22, 2010**

                                               **/s/  WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**

---

[7] Just as in *Russell II*, in which a certification was made and Thomas was substituted by the United States, the United States Attorney for the Southern District of Illinois has made certifications that both defendants Hayes and Jones "were acting within the scopes of their employments as employees of the United States at the time of the incidents out of which the claims arose."  Doc. 90, Exhibit 1.  Pursuant to 28 U.S.C. § 2679, this action is deemed to be against the United States, and the Court substitutes the United States for Hayes and Jones for any claims founded in common law tort or State law.  2009 WL 236719.